UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DR. HEATHER WAITMAN,

                Plaintiff,

     -against-

SAINT DOMINIC'S FAMILY SERVICES,
INC., DIANE AQUINO and MARJORIE
McLOUGHLIN,

                Defendants.
------------------------------------------------------------X

Case No. 7:23-cv-06061 (CS)

**STIPULATION AND
PROTECTIVE ORDER
REGARDING
CONFIDENTIALITY**

      **WHEREAS**, the Parties (as defined below) having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

      **ORDERED** that the following restrictions and procedures shall apply to the information and documents exchanged by the Parties in connection with the pre-trial phase of this action:

      1.    All information produced by the Parties in this action shall be subject to the terms and provisions set forth herein.

      2.    The following terms, as used herein, shall, without limiting the generality of the meaning of said terms, be construed as follows:

           a.    The Parties to this action shall mean (i) Plaintiff, Heather Waitman ("Plaintiff"); and (ii) Defendants, as well as the employees and representatives of Saint Dominic's Family Services, Inc. ("St. Dominic's").

b. "Confidential Information" means any of the following, provided it is not generally available to the public: (a) financial information (including, without limitation, profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, sale margins, and insurance information); (b) material relating to ownership or control of any non-public company; (c) business plans, product-development information, or marketing plans; (d) any information of a personal or intimate nature regarding any individual (such as records of medical and/or psychological treatment); (e) personnel records, or documents/information of a kind that is contained in personnel records, of any person; (f) material or information relating to any client or resident of St. Dominic's; (g) any material or information considered proprietary to or a trade secret of a Party; (h) minutes, handouts, and notes concerning any Board of Directors or Board committee meeting; (i) material or information a Party is legally or contractually bound to maintain in a confidential manner; or (j) any other category of information the Court subsequently affords, or the Parties subsequently mutually agree to afford, confidential status. The term "Confidential" applies not only to the materials originally produced by the Parties but also any derivative of such materials, including but not limited to copies, notes, summaries, or other materials containing Confidential Information.

3. Counsel for any Party may designate any document or information, in whole or in part, as Confidential if counsel determines, in good faith, that such designation meets the definition of "Confidential Information" set forth in Paragraph 2(b) hereof and is necessary to protect the interests of the client in his, her, or its Confidential Information. Designation as Confidential must occur in one of the following ways:

a. Information contained in any document (or other physical item), or part thereof, may be so designated by marking the word "CONFIDENTIAL" on the document or any copy or part of it delivered to the other Party;

b. Information set forth in an affidavit, declaration or like document may be so designated by including the word "CONFIDENTIAL" in the document; or

c. Testimony of any witness deposed on oral examination, or a portion thereof, may be designated "CONFIDENTIAL" by making a statement on the record at the deposition or by marking the pertinent portion of the transcript "CONFIDENTIAL" and serving a copy of the marked transcript upon the opposing party.

4. All transcripts of depositions shall be treated as "Confidential" for thirty (30) days after receipt. Any portions of a deposition transcript discussing Confidential Information shall automatically be deemed confidential, regardless of designation. Failure to designate a portion of the deposition as "Confidential" within the 30-day period shall not operate as a waiver of the right to assert such protection, and any portion may later be so designated as "Confidential."

5. Copies of documents received from third parties pursuant to subpoenas shall be furnished to all counsel to allow the opportunity for a designation, in whole or in part, as "Confidential." Counsel shall have thirty (30) days to make and deliver such designations, during which time all those documents will be treated as "Confidential." The failure to designate any such documents as "Confidential" within the 30-day period shall not operate to waive the right to later assert such protection, and any portion may later be so designated as "Confidential."

6. Any Confidential Information produced in this action shall be held and used by the person receiving it solely for use in connection with this action and for no other purpose.

7. In the event a Party objects to another Party's designation of confidentiality, counsel for the objecting Party shall serve upon counsel for the designating Party a written notice stating with particularity the grounds of the objection. Counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging Party may seek resolution by the Court. Nothing in this Stipulation and Order constitutes an admission by any Party that Confidential Information disclosed in this case is subject to discovery, relevant, or admissible in this case. Each Party reserves the right to object to the use or admissibility of the Confidential Information.

8. Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    a. The requesting Party (including any officer or employee of any Party necessary to the prosecution or defense of this action) and counsel, including in-house counsel;

    b. Employees of such counsel assigned to and necessary to assist in the litigation;

    c. Representatives of insurance companies of the Parties;

    d. Consultants, vendors, or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel, provided that such third parties are not competitors of St. Dominic's or are in any way employed or associated with a facility or enterprise that competes with St. Dominic's, and further provided such person has first executed an Agreement in the form attached to this Stipulation and Order;

e.  Any witness called to testify at deposition or any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed an Agreement in the form attached to this Stipulation and Order;

f.  Stenographers engaged to transcribe depositions conducted in this litigation; and

g.  The Court (including a mediator or any other person having access to any Confidential Information by virtue of his/her position with the Court).

Notwithstanding the above, nothing shall limit the Party to whom the confidentiality interest belongs from disclosing his, her or its own Confidential Information. Each Party may disclose their own Confidential Information without regard to this Stipulation and Order unless otherwise under an existing duty to another person or entity to refrain from doing so. In addition, the Parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only."

9.  Prior to disclosing or displaying the Confidential Information to any person referred to in subparagraphs 8(d) or (e) above, counsel must:

a.  Inform the person of the confidential nature of the information or documents;

b.  Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

   c. Require each such person to sign an agreement to be bound by this Stipulation and Order in the form attached hereto. Counsel shall retain each signed agreement.

  10. The disclosure of a document or information without designating it as "Confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information. At any time prior to the trial of this action, the producing person may designate any document or information as "Confidential" by informing all Parties in writing. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

  11. Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving Party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. In the event the Party who received PII (or someone with whom the Party shares PII) experiences a data breach, the Party shall immediately notify the producing Party of same and cooperate with the producing Party to address and remedy the breach. Nothing herein shall be construed as a waiver by any Party of any legal rights or defenses concerning the protection/maintenance or disclosure of PII.

  12. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI"), or other privileged or protected information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Stipulation and Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall

serve to limit a Party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production. Moreover, nothing in this Stipulation and Order shall prevent a Party from withholding production of a document considered privileged (including, but not limited to, on the bases of HIPAA, the attorney-client privilege or attorney work product doctrine) or otherwise protected from production.

13. Any Party that desires relief from the provisions of this Stipulation and Order or desires further protection with respect to discovery may, if agreement cannot be negotiated, seek appropriate relief from the Court upon no less than fourteen (14) days' notice to the opposing Party.

14. Notwithstanding the designation of information as "Confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal. The Parties shall follow the Court's procedures for requests to file under seal. Any Confidential Information may be filed with the Court without seal if agreed to by the Parties or otherwise ordered by the Court. A Party planning to file Confidential Information with the Court without seal must notify the opposing Party(ies) at least seven (7) days prior to engaging in such filing (unless that is not possible, in which case notification must occur as soon as the filing Party realizes they will be filing one or more documents containing Confidential Information). In the event a notified Party objects to filing without seal, counsel for that objecting Party shall serve upon counsel for the filing Party a written notice stating with particularity the grounds of the objection. Counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the objecting Party may seek appropriate relief from the Court, following the Court's procedures for requests to file

under seal. While the issue is pending, the filing Party must proceed as if the document is sealed and may not publicly file it.

15. This Stipulation and Order shall survive the termination of the litigation. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing person or, upon permission of the producing person, certified as destroyed, except that the Parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

16. Nothing herein shall preclude the Parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

17. Violations by a person of any terms of this Stipulation and Order may be grounds for actual damages, including other penalties and sanctions in an amount deemed appropriate by the Court. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

18. Pending court approval of this Stipulation and Order, the Parties agree to abide by all of its terms, as if it had been approved by the Court.

SO STIPULATED AND AGREED.

SUSSMAN & GOLDMAN

By: _____
Jonathan R. Goldman, Esq.
1 Railroad Avenue, Suite 3
P.O. Box 1005
Goshen, New York 10924
(212) 248-7431
*Attorneys for Plaintiff*

Dated:   Goshen, New York
         January 11, 2024

SO ORDERED.

Dated:   White Plains, New York
         January 12, 2024

JACKSON LEWIS P.C.

By: _____
Diane Krebs, Esq.
58 South Service Road, Suite 250
Melville, New York 11747
(631) 247-0404
*Attorneys for Defendants*

Dated:   Melville, New York
         January 11, 2024

_____
CATHY SIEBEL
United States District Judge

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

DR. HEATHER WAITMAN,

                Plaintiff,

-against-

SAINT DOMINIC'S FAMILY SERVICES, INC., DIANE AQUINO and MARJORIE McLOUGHLIN,

                Defendants.

------------------------------------------------------------X

Case No. 7:23-cv-06061 (CS)

## AGREEMENT TO BE BOUND BY STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIALITY

I, _____, declare as follows:

1. I have read and am familiar with the terms of the Stipulation and Protective Order Regarding Confidentiality ("Order") in the above-captioned case governing disclosure of information designated as confidential.

2. I have been informed by counsel that certain documents or information to be disclosed to me in connection with this litigation have been designated as Confidential Information pursuant to the Order.

3. I understand and agree that any information designated as "Confidential" shall be kept confidential and used only in the preparation of this matter for trial and any other pre-trial proceedings in this case, and that I may not disclose, convey, publish, or duplicate any of said Confidential Information other than under the limited conditions permitted in the Order.

4. I agree to abide by all the terms of the Order and will not reveal or otherwise communicate to anyone any Confidential Information disclosed to me pursuant thereto except in accordance with the terms of the Order. I agree not to use any Confidential Information for any

purpose other than the litigation of the above-captioned matter. If I experience any sort of data breach involving Confidential Information, I understand it is my obligation to notify counsel of that breach immediately.

      5.    At the conclusion of this litigation, I will return all Confidential Information to the party/attorney from whom I received it, as well as all copies thereof, and will destroy any notes in my possession containing any Confidential Information covered by the terms of this Order.

      6.    By acknowledging these obligations under the Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purposes of any issue or dispute arising under this Agreement and that my willful violation of any term of the Order could subject me to punishment for contempt of Court. I acknowledge that the Order is binding on me. I consent to the personal jurisdiction of the above-captioned Court for the purposes of determining whether I have complied with this Agreement or the Order.

I declare under penalty of perjury under the laws of the State of New York that the foregoing is true and correct.

Executed this \_\_\_\_ day of _____, 202\_\_, at _____.

_____
Signature

_____
Printed Name

_____
Address

4853-5785-4364, v. 1